**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MARY ELIZABETH JONES,** | ) | **CASE NO. 5:26 CV 181** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| **vs.** | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| **REBECCA DOHERTY, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

*Pro se* plaintiff Mary Elizabeth Jones filed this civil rights complaint under 42 U.S.C. §

1983 against Rebecca Doherty, Portage County Court of Common Pleas Judge; Eugene A.

Lucci, Presiding Judge of the Eleventh District Court of Appeals; and Matt J. Lynch, Judge of

the Eleventh District Court of Appeals.[1] (Doc. No. 1). Plaintiff also filed a notice of

supplemental authority "to address any further anticipated defenses." (Doc. No. 5). Plaintiff

challenges the judges' decisions in state court proceedings.

**I. Background**

In August 2022, Plaintiff filed an action in the Portage County Court of Common Pleas

---

[1] Plaintiff initially named Judge Mary Jane Trapp of the Eleventh District Court of Appeals as a defendant. On January27, 2026, Plaintiff filed a motion to dismiss Judge Trapp from the complaint, (Doc. No. 3) and on January 29, 2026, the Court granted Plaintiff's motion.

against Match Group, which owns and operates online dating services, and John Russell, a person she met through Match Group's services. (Doc. No. 1 at 19); *see Jones v. Russell, et al.*, No. 2022CV00584 (Portage Cty. Ct. Comm. Pl. filed Aug. 10, 2022) ("*Jones I*"). Plaintiff alleged that Match Group failed to conduct background checks or employ sufficient safety measures to protect its users; Russell tricked her into becoming pregnant with his child, gave her a sexually transmitted disease, and assaulted her; and both defendants caused significant emotional distress and were liable for negligence/personal injury, intentional infliction of emotional distress, and fraud/negligent misrepresentation. *Jones I* (Compl. at ¶¶ 3, 5-8, 14-22).

Lengthy state court proceedings followed. Initially, Judge Doherty dismissed Plaintiff's claims against Match Group and denied her motion for default judgment against Russell, and Plaintiff appealed. The state court of appeals dismissed Plaintiff's appeal for lack of final appealable order. *See Jones v. Russell*, No. 2022-P-0076, 2023 Ohio App. LEXIS 340, at * 1 (Ohio App. 11 Dist. Feb. 6, 2023). Plaintiff appealed two additional orders entered by Judge Doherty in *Jones I*, which the court of appeals again dismissed for lack of final appealable order, stating that the trial court had not yet issued a ruling on damages. *See Jones v. Russell*, No. 2023-P-0064, 2023 Ohio App. LEXIS 3323, at * 9-10 (Ohio App. 11 Dist. Sept. 25, 2023). On November 8, 2022, Judge Doherty granted Match Group's motion to dismiss, holding that Plaintiff's claims against Match Group are subject to mandatory arbitration, and on December 6, 2023, Judge Doherty issued a decision entering judgment against Russell in the amount of $1,000. *See Jones I*; *Jones v. Russell*, No. 2023-P-0100, 2024 Ohio App. LEXIS 1735 (Ohio App. 11 Dist. May 13, 2024). Plaintiff again appealed. On appeal, the Eleventh District Court of Appeals affirmed the trial court's judgment against Russell, reversed the court's order

-2-

dismissing the claims against Match Group, and remanded the matter to the trial court for further proceedings. *Jones v. Russell*, No. 2023-P-0100, 2024 Ohio App. LEXIS 1735, at * 42. The court of appeals stated that it "take[s] no position on the propriety of a stay pending arbitration with respect to the claims against Match Group [and t]he request for a stay remains pending for the trial court to decide in the first instance. *Id.* On remand, Judge Doherty issued a judgment staying Case No. 2022CV00584 pending arbitration. *See Jones I.* Thereafter, Plaintiff continued to file motions in the Portage County Court of Common Pleas requesting the stay be vacated. *See id.*

Additionally, Plaintiff filed the following actions: a petition for a writ of mandamus in the Eleventh District Court of Appeals (*see Jones v. Doherty*, No. 2024-P-00033, 2024 Ohio App. LEXIS 2794 (Ohio App. 11 Dist. Aug. 5, 2024)); a petition for a writ of mandamus in the Ohio Supreme Court (*see Jones v. Eleventh District Court of Appeals, et al.*, No. 2024-1123 (Ohio S.Ct. Oct. 16, 2024)); a complaint in prohibition in the Ohio Supreme Court (*see Jones v. Doherty*, No. 2024-1537 (Ohio S.Ct. Nov. 1, 2024)); and a second petition for a writ of mandamus in the Ohio Supreme Court (see *Jones v. Eleventh District Court of Appeals*, No. 2025-1292 (Ohio S.Ct. Oct. 2, 2025). All petitions and complaints were dismissed.

On June 12, 2025, Plaintiff filed a complaint in this district court seeking declaratory and injunctive relief against Judge Doherty. *See Jones v. Doherty*, No. 5:25-cv-1233-BYP (N.D. Ohio Jun. 12, 2025). The complaint challenged Judge Doherty's decision in her complaint filed in the Portage County Court of Common Pleas (*Jones I*) staying the state court case pending arbitration. Specifically, Plaintiff alleged that Judge Doherty violated her rights when she failed to comply with the Eleventh District Court of Appeals' May 13, 2024 decision. *See id.* This

Court dismissed Plaintiff's complaint for lack of subject matter jurisdiction.[2] *Id.*

And on January 22, 2026, Plaintiff filed the instant complaint. In this complaint, Plaintiff once again challenges the decisions made by the state court judges. Plaintiff objects to Judge Doherty's order to stay the state court action pending arbitration, claiming the stay is unauthorized. She also claims that Judge Doherty undervalued Plaintiff's injuries and is ignoring her motions to lift the stay. (Doc. No. 1 at 3, 17). Plaintiff further claims that Judge Lynch, in Case No. 2023-P-00064, advised Plaintiff that she had an "effective remedy on appeal," but when she returned to the court of appeals, Judge Lucci, in Case No. 2024-P-00033, "reversed course" and asserted that Plaintiff had no right to relief. (*Id.* at 10). Plaintiff contends that the judges of the Eleventh District ignored the court's "operative holdings" and "transformed a merits reversal into a procedural abstraction" and they have encouraged Judge Doherty's "inaction." (*Id.* at 12, 16).

Plaintiff alleges that Defendants have violated her due process rights and denied her access to the courts in violation of the Fourteenth Amendment. She also alleges that Defendants' actions constitute a violation of the Ohio Constitution's right to a remedy and open courts. Plaintiff asks the Court to declare that Judge Doherty's "maintenance of an unauthorized indefinite stay" and Judges Lucci and Lynch's "refusal to enforce the mandate" violate the United States and Ohio Constitutions. Plaintiff also requests the Court lift the stay ordered by

---

[2] Plaintiff alleges in the current complaint that she voluntarily dismissed the complaint in Case No. 5:25-cv-1233-BYP "without prejudice . . . to pursue final state appellate and extraordinary remedies." (*See* Doc. No. 1 at 8). However, the Court's docket indicates that the complaint was dismissed, and Plaintiff voluntarily withdrew her Rule 59(e) "Motion to Amend or Alter Premature Dismissal." *See Jones v. Doherty*, No. 5:25-cv-1233-BYP (Doc. Nos. 9-10).

Judge Doherty and enforce the mandate of the Eleventh District Court of Appeals. Finally, Plaintiff requests monetary relief.

## II. Standard of Review

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). And the Court is required to hold Plaintiff's complaint to a less stringent standard than one drafted by an attorney. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir.2005) (citing *Haines*, 404 U.S. at 520). However, the lenient treatment accorded *pro se* litigants "has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements and courts are not obligated to conjure allegations on their behalf or construct claims for them. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (finding that requiring courts "to explore exhaustively all potential claims of a pro se plaintiff . . . would . . . transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party").

Furthermore, federal courts are courts of limited jurisdiction, and "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "[D]efects in subject matter jurisdiction cannot be waived by the parties and may be addressed by a court on its own motion at any stage of the proceedings." *Owens v. Brock*, 860 F.2d 1363, 1367 (6th Cir. 1988) (citing Fed. R. Civ. P. 12(h)(3)); *Curry v. US. Bulk Transp., Inc.*, 462 F.3d 536, 539 (6th Cir. 2006) (same) (citing *Owens*, 860 F.2d at 1367). District courts are permitted to conduct a limited screening procedure and to dismiss, *sua*

*sponte*, a fee-paid complaint filed by a non-prisoner if it appears that the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir.1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)).

*Sua sponte* dismissal is also authorized where the asserted claims lack "legal plausibility necessary to invoke federal subject matter jurisdiction." *See id.* at 480; *see also Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).

### III. Discussion

Plaintiff is challenging the state courts' judgments and asking this Court to vacate the judgments and enter judgment in her favor. To that extent, the *Rooker-Feldman* doctrine bars this Court's consideration of her claims.

Under the *Rooker-Feldman* doctrine, a party losing his or her case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his or her federal rights. *Berry v. Schmitt*, 688 F.3d 290, 298-99 (6th Cir. 2012).  Federal district courts lack subject matter jurisdiction to review final judgments, as well as interlocutory orders, from state courts. *See RLR Investments, LLC v. City of Pigeon Forge*, 4 F.4th 380, 396 (6th Cir. 2021); *see also Pieper v. Am. Arbitration Ass'n*, 336 F.3d 458, 463 (6th Cir. 2003) (applying *Rooker-Feldman* to an interlocutory order to stay litigation pending arbitration because "[t]o hold otherwise would allow potential relitigation of every state-court order staying litigation and

compelling arbitration"). Federal appellate review of state court judgments can only occur in the United States Supreme Court. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16, 44 S. Ct. 149, 68 L. Ed. 362 (1923);  *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995) ("A party raising a federal question must appeal a state court decision through the state system and then directly to the Supreme Court of the United States.").

The *Rooker-Feldman* doctrine applies only where a party losing his or her case in state court initiates an action in federal district court complaining of injury caused by a state court judgment itself and seeks review and rejection of that judgment. *Berry*, 688 F.3d 298-99; *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009). To determine whether *Rooker-Feldman* bars a claim, the Court must look to the "source of the injury the plaintiff alleges in the federal complaint." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir.2006); *see Berry*, 688 F.3d at 299. If the source of the plaintiff's injury is the state court judgment itself, then the *Rooker-Feldman* doctrine bars the federal claim. *McCormick*, 451 F.3d at 393. "If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." *Id.*; *see Lawrence v. Welch*, 531 F.3d 364, 368-69 (6th Cir. 2008). In conducting this inquiry, the Court also considers the plaintiff's requested relief. *Evans v. Cordray*, 424 Fed. App'x. 537, 2011 WL 2149547, at *1 (6th Cir. 2011).

Here, the source of Plaintiff's alleged injury is the state court judgments of the Portage County Court of Common Pleas and the Eleventh District Court of Appeals, and Plaintiff asks the Court to grant judgment in her favor and lift the stay ordered by the state court. Pursuant to *Rooker-Feldman*, this Court lacks subject matter jurisdiction to do so.

Moreover, Judge Doherty, Judge Lucci, and Judge Lynch are immune from suit. It is well established that judicial officers are generally entitled to absolute immunity from civil suits for money damages. *Mireles v. Waco*, 502 U.S. 9, 9, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). They are accorded this broad protection to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants. *Barnes*, 105 F.3d at 1115. For this reason, absolute immunity is overcome only when (1) the conduct alleged is performed at a time when the defendant is not acting as a judge; or (2) the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he or she presides. *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116. A judge will not be deprived of immunity even if the action at issue was performed in error, done maliciously, or was in excess of his or her authority. *Stump v. Sparkman*, 435 U.S. 349, 356, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978); *Sevier v. Turner*, 742 F.2d 262, 271 (6th Cir. 1984) (merely acting in excess of authority does not preclude immunity).

Here, there is no suggestion in the complaint that any of the judges were acting in any capacity other than that of a judicial officer when the conduct alleged in the complaint occurred. Nor is there any suggestion that the judicial officers acted clearly outside of the subject matter jurisdiction of the court over which they preside. Plaintiff appears to argue that judicial immunity does not apply to Judge Doherty's purported refusal to apply the Eleventh District Court of Appeals' mandate "directing further proceedings." (*See* Doc. No. 1 at 4). However, the record shows that the appellate court remanded the case to the trial court for further proceedings without taking a position on the propriety of a stay pending arbitration. *See Jones v. Russell*, No.

-8-

2023-P-0100, 2024 Ohio App. LEXIS 1735, at * 42. Following the remand, Judge Doherty issued an order staying the case. *See Jones I*. Judge Doherty's decision to issue an order upon remand from the court of appeals is precisely the type of judicial act to which immunity applies.

Plaintiff also appears to argue that judicial immunity does not apply to Judge Doherty's failure to rule on Plaintiff's pending motions. (*See* Doc. No. 1 at 3). But deciding when to issue a decision "is part and parcel of a judge's docket management function over which he [or she] has broad and virtually unfettered discretion" and is "a judicial act for which a judge is absolutely immune." *Lowe v. Letsinger*, 772 F.2d 308, 312 (7th Cir. 1985); *see also Hopson v. Lioi*, No. 2:21-cv-2784, 2022 WL 702387, 2022 U.S. Dist. LEXIS 41401, at * 4 (S.D. Ohio Mar. 9, 2022) (the judge's purported failure to adjudicate was docket management, a judicial action, for which judges are absolutely immune).

Judge Doherty, Judge Lucci, and Judge Lynch are therefore absolutely immune from damages in this action.

Finally, Plaintiff appears to allege Defendants violated the Ohio Constitution. To the extent Plaintiff raises any state claims against the defendants, the Court declines to exercise supplemental jurisdiction. District courts have discretion to refuse to exercise supplemental jurisdiction over state law claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims or remanding them to state court if the action was removed." *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996). The Court finds that the balance of considerations weighs against the exercise of supplemental jurisdiction over Plaintiff's purported state law

claims, which are better resolved by the Ohio courts.

## IV. Conclusion

Accordingly, the Court dismisses this action pursuant to the Court's authority established in *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

                              3/19/2026

**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**